[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their revised complaint of March 5, 2001 that they were the recipients of three threatening letters and a telephone call by the defendant son. The plaintiffs have brought a multi-count complaint against the son and his parents. The defendant son and his parents have moved for summary judgment on several of the counts, stating that there is no genuine issue of fact and that they are entitled to judgment as a matter of law. Practice Book § 17-49.
The first set of counts challenged allege that the defendant son should be held liable for civil assault. (Counts 1, 13, 25, and 37). The court grants summary judgment on these counts. Under the common law, a threatening letter or telephone call is not grounds for an action of assault, because it lacks the requisite imminence. See Dickens v.Puryear, 276 S.E. 325, 331 (N.C. 1981); in Brower v. Ackerly,943 P.2d 1141, 1145 (Wash.App. 1997), like the present case, numerous threatening telephone calls were made to the plaintiff: "Because the threats, however frightening, were not accompanied by circumstances indicating that the caller was in a position to reach Brower and inflict physical violence `almost at once,' we affirm the dismissal of the assault claim."
The second set of counts challenged allege that the defendant son falsely imprisoned the plaintiffs. (Counts 3, 15, 27, 39) The court denies summary judgment on these counts. The tort of false imprisonment is satisfied by demonstrating that the defendant restrained the liberty of plaintiff in any respect. This impediment of liberty may occur by the use of words alone. Munsell v. Ideal Food Stores, 494 P.2d 1063 (1972);Webbier v. Thoroughbred Racing Protection Bureau, Inc., 254 A.2d 285, 290
(1960) (this tort involves unlawful restraint of another's freedom of movement). The affidavits of the plaintiffs here raise factual issues as they describe the altering of their lifestyle out of their fear of leaving their home. Limited Stores, Inc. v. Wilson-Robinson, 876 S.W.2d 248
(Ark. 1994) (factual issue of whether the plaintiff was restrained or CT Page 2849 acted voluntarily in face of threat).
The third set of counts challenged allege that the defendant son intentionally inflicted emotional harm on the plaintiffs. (Counts 2, 14, 26, 38). The defendant claims that these counts cannot be proven on this record because there is no showing of "severe" conduct. The plaintiffs have neither alleged nor set forth evidence that they were attended by medical professionals. The affidavits of the plaintiffs indicate that their health was affected, however. This is sufficient to leave the issue of "severity" to the jury. See Brower, supra at 1148 holding that "objective symptomatology" was not required to meet the "severity" element of the tort of intentional infliction of emotional harm. See alsoBrandon v. County of Richardson, 624 N.W.2d 604, 624 (Neb. 2001) (the element of "severity" is affected by defendant's concession of emotional harm).
The defendant takes its position that the plaintiffs must have sought medical attention to bring the action for intentional infliction of emotional harm from the case of Reed v. Signode Corp., 652 F. Sup. 129
(D. Conn. 1986) and two Superior Court cases that rely upon Reed. But inReed the court could not find that the defendant's conduct was outrageous and the sole statement describing "severity" was that the fact that he was not hired was known to his professional associates. It was in that context that the court noted that the plaintiff "was not treated nor did he seek medical assistance . . ." Id. at 137. This is hardly the situation in this case; here the plaintiffs have described in their affidavits distress sufficient to proceed to a jury trial.
The final set of counts challenged are those against the defendant parents for common-law negligence in improperly supervising their son. (Counts 6, 7, 18, 19, 30, 31, 42, 43). The evidence as developed through affidavits and depositions shows that the parents were aware that their son knew of internet "chat rooms" where threats were made to others. This proof alone does not indicate that the parents knew or should have known that their son would pen a series of threats and mail them by regular mail to the plaintiffs. There was no independent negligence on the part of the defendant parents. Kamiski v. Fairfield, 216 Conn. 29, 34 (1990);Blair v. Mis, Superior Court, judicial district of Waterbury, Docket No. 0110197 (March 10, 1995, McDonald, J.).[1]
Based on the foregoing, summary judgment is granted in favor of the defendant son on the assault count and the defendant parents on the negligence counts. It is denied in all other respects.
So ordered. CT Page 2850 Henry S. Cohn